UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN Y. TILLMAN-CONERLY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; LAVERNE WATSON,<br><br>Defendants. | No. 2:22-cv-1617 DAD AC PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Defendant moves to dismiss this case for lack of subject matter jurisdiction. ECF No. 10. Plaintiff opposes the motion. ECF No. 12, 14. The parties appeared before the court for a hearing on the motion on June 28, 2023. For the reasons that follow, the undersigned recommends this case be DISMISSED in its entirety for lack of subject matter jurisdiction.

**I. Background**

Marilyn Y. Tillman-Conerly, proceeding in pro se, filed her complaint on September 15, 2022. ECF No. 1. Plaintiff paid the filing fee, <u>id.</u>, so the complaint was not subject to screening under 28 U.S.C. § 1915(e)(2). Plaintiff asserts federal question jurisdiction because she is suing a federal entity, and diversity jurisdiction because she is a citizen of California, and the defendant is the "Federal Government of another state." ECF No. 1 at 2.

The complaint alleges that plaintiff, a retired federal employee, is not receiving her full retirement payments because OPM employee Laverne Watson refuses to pay her the correct monthly retirement benefit amount. Id. Plaintiff received a letter on January 31, 2019, that was dated December 10, 2018, which incorrectly informed her that she received a refund of her Civil Service Retirement Deduction for a period of service that ended before March 1, 1991, and that she must redeposit $25,955.00 to cover the service; if she did not, her monthly annuity would decrease from $3,247.00 to $3,132.00. Id. Plaintiff attempted to resolve the issue with Watson in February of 2019, but the matter was not resolved. Id. at 2-3. On April 2, 2020, plaintiff spoke with OPM employee Mary Joe about the status of correcting her backpay and annuity, and plaintiff was told the matter would be escalated to a supervisor. Id. at 3.

On May 8, 2020, plaintiff filed a first suit in this court against OPM and Laverne Watson, which was dismissed without prejudice on December 18, 2020, for failure to complete service of process. Tillman-Conerly v. OPM, 2:20-cv-00950 TLN KJN at ECF Nos. 12, 15. The dismissal was affirmed by the Ninth Circuit on July 2, 2021. Id. at ECF Nos. 21, 22.

Defendants move to dismiss this case for lack of subject matter jurisdiction, on grounds that judicial review of a decision of the Office of Personnel Management ("OPM") is available only in the United States Court of Appeals for the Federal Circuit and only after plaintiff exhausts her administrative remedies with the OPM and at the Merit Systems Protection Board ("MSPB"). ECF No. 10-1. ECF No. 10-1 at 2-3. In opposition to the motion, plaintiff argues that the administrative process is optional and emphasizes that her case involves not only a taking of her property in violation of the Fifth Amendment, but also a government conspiracy and racial discrimination. ECF Nos. 12, 14.

**II. Analysis**

A.  Legal Standards Governing Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient

on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

   B. This Court Does Not Have Subject Matter Jurisdiction

  The Civil Service Reform Act ("CSRA"), which overhauled the civil service system and created both the OPM and the Merit System Protection Board ("MSPB"), provides that the OPM "shall adjudicate all claims" regarding retirement benefits. 5 U.S.C. § 8347(b). A final decision of the OPM is subject to review by the MSPB. 5 U.S.C. § 8347(d)(1). A final decision of the MSPB is subject to judicial review by the United States Court of Appeals for the Federal Circuit, which has "exclusive jurisdiction" over such appeals. 28 U.S.C.§ 1295(a)(9); 5 U.S.C. § 7703(b)(1), (d); Lindahl v. OPM, 470 U.S. 768, 773 (1985) (recognizing that judicial review of MSPB decisions regarding retirement benefits is available only in the United States Court of Appeals for the Federal Circuit); Rodriguez v. United States, 852 F.3d 67, 83 (1st Cir. 2017) (explaining that the "exclusive remedial framework" provided by the CSRA provides that a plaintiff must pursue retirement claims through the statutory structure – which requires a decision by OPM, followed by an appeal to the MSPB, and finally judicial review in the Federal Circuit); Ashgar v. United States, 23 Cl. Ct. 226, 233 (1991) ("This statutory scheme of administrative review by the MSPB and judicial review by the Federal Circuit is the exclusive avenue for judicial review of claims for [Civil Service Retirement System] benefits denied by OPM."). This statutory scheme "enables the development, through the MSPB, of a unitary and consistent Executive Branch position on matters involving personnel action, avoids an unnecessary layer of judicial review in lower federal courts, and encourages more consistent judicial decisions." United States v. Fausto, 484 U.S. 439, 449 (1988) (internal citations omitted).

  In this case, plaintiff seeks judicial review of an OPM letter regarding her monthly retirement annuity. She argues that OPM's actions constitute a government taking and a due

process violation in violation of the Constitution, and that going through MSPB is an "administrative option, not a requirement." ECF No. 12 at 1-2. As explained above, this is not the case: there is a specific statute that governs how benefits-related claims like plaintiff's must proceed, and this statute deprives the Eastern District of California of jurisdiction over such claims. See Ashgar, 23 Cl. Ct. at 233 ("The sole avenue of relief available to plaintiff, concerning [her] request for … retirement benefits, is through the statutory and regulatory scheme of administrative remedies established by [the CSRA]."). Judicial review of plaintiff's OPM letter regarding retirement benefits is thus available *only* in the United States Court of Appeals for the Federal Circuit and *only* after plaintiff exhausts her administrative remedies with the OPM and at the MSPB.

Plaintiff cites Knick v. Township of Scott, 139 S. Ct. 2162 (2019), for the proposition that a claim under the Takings Clause may go directly to district court and may not be subject to any administrative exhaustion requirement. ECF No. 12 at 1; ECF No. 14 at 2, 3. Knick involved a lawsuit under 42 U.S.C. § 1983 against a municipality for an uncompensated taking of an interest in real property. The question presented to the Supreme Court in that case involved ripeness, not administrative exhaustion. The Court held that a takings claim becomes ripe when the taking occurs, and that ripeness does not require unsuccessful state court litigation in pursuit of compensation. Knick, 139 S. Ct. at 2167, 2170. Accordingly, a § 1983 plaintiff with a takings claim may go directly to district court—the court with jurisdiction over the lawsuit—without first seeking relief in state court. See id. at 2172. Knick has no bearing whatsoever on plaintiff's case.

Congress has given the district court's jurisdiction over lawsuits against municipalities under § 1983, so ripe § 1983 claims like the claim in Knicks may be filed in district court. In the Civil Service Reform Act, however, Congress has given exclusive jurisdiction over federal employee benefits disputes to the Federal Circuit, so disputes related to retirement benefits must be taken to the Federal Circuit. Plaintiff's theory that the dispute over her benefits constitutes an unconstitutional taking does not affect the applicability of the CSRA. Whether or not Ms. Conerly has a cognizable takings claim—or a racial discrimination claim, or a conspiracy claim— is not a question this court has jurisdiction to consider.

### III. Pro Se Plaintiff's Summary

The district court cannot consider your case because the Civil Service Reform Act says that challenges to OPM's decisions on retirement benefits can only be judicially reviewed by the United States Court of Appeals for the Federal Circuit, which is in Washington, D.C. That court will consider claims that have been denied first by OPM and then by the MSPB. This is not an optional process, it is the only process available to challenge a benefits determination by OPM.

### IV. Conclusion

For the reasons set forth above, the undersigned recommends that defendants' motion to dismiss (ECF No. 10) be GRANTED and that this case be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 28, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE